UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CESAREA TREVINO, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> ALLSTATE VEHICLE AND PROPERTY § <br> INSURANCE COMPANY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 7:19-CV-103 |

## **OPINION AND ORDER**

Pending before the Court is Allstate Vehicle and Property Insurance Company's ("Defendant") partial motion to dismiss.[1] Also before the Court is Defendant's opposed motion to abate the case pending the outcome of an appraisal.[2] Cesarea Trevino ("Plaintiff") has not responded to either motion. After considering the motions, the record, and the relevant authorities, the Court **GRANTS** Defendant's motions as follows.

### I. BACKGROUND

This is a first-party insurance case involving a claim for damage caused by a "hail/windstorm event."[3] Plaintiff alleges she owned a home in Mission, Texas that was covered by Defendant's property policy #838358830.[4] Plaintiff alleges that "on or about June 20, 2018," Plaintiff "sustained covered losses" and "water damages" including "damage to the architectural finishes of the property."[5] Plaintiff further alleges she "reported losses to [Defendant] pursuant to the terms of the insurance policy. As a result, Plaintiff's property sustained damage, including

---

[1] Dkt. No. 4.
[2] Dkt. No. 7.
[3] Dkt. No. 1-2 p. 3.
[4] *Id.*
[5] *Id.*

the cost of destruction and restoration of the property necessary to access and fix these damaged areas."[6] Plaintiff's complaint contains no other specific factual allegations, and in all other respects is a form petition that merely restates the legal elements of the claims.[7]

Plaintiff filed a petition in state court alleging breach of contract; violations of the Texas Deceptive Trade Practices Consumer-Protection Act ("DTPA"); claims of unfair insurance practices, including violations of the Texas Insurance Code ("TIC") and the Texas Administrative Code ("TAC"); breach of the duty of good faith and fair dealing; and delay of payment in violation of TIC § 542.[8] Subsequently, Defendant removed this case to federal court.[9]

Thereafter, Defendant filed the instant motion for partial dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim for which relief can be granted and Rule 9(b) for failure to plead fraud with particularity.[10] Defendant *only* seeks dismissal of Plaintiff's claims for statutory misrepresentations under the DTPA, TAC, and TIC. Defendant also filed a motion to abate the case pending the outcome of an appraisal.[11] Plaintiff never responded and the time for doing so has passed, rendering the motion unopposed by operation of Local Rules.[12] The Court now turns to its analysis.

## II. PARTIAL MOTION TO DISMISS

Because the partial motion to dismiss could limit the scope of the claims and damages sought in this case, the Court will first address Defendant's partial motion to dismiss before turning to Defendant's motion to abate.

---

[6] *Id.* The Court notes this allegation indicates the losses were caused by Plaintiff's reporting them to Defendant. This language was copied directly from Plaintiff's complaint.
[7] *See generally id.*
[8] Dkt. No. 1-2 pp. 7–11.
[9] *See* Dkt. No. 1.
[10] Dkt. No. 5.
[11] Dkt. No. 7.
[12] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (rendering a motion unopposed when the non-movant fails to respond within twenty-one days of the filing of the motion).

### A. Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[14] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[15] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[16] Courts then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[17]

In addition to this baseline pleading standard, Rule 9(b) imposes a heightened set of pleading requirements when the claim in question is grounded in fraud.[18] The Fifth Circuit has held that Rule 9(b) requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent."[19] Rule 9(b) "applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not" and therefore applies to statutory claims which are based on allegations of fraud.[20] Specifically, claims "alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)."[21]

---

[13] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted)).
[14] *Twombly*, 550 U.S. at 555.
[15] *See id.* at 678–79.
[16] *Id.*
[17] *See id.* at 679–80.
[18] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").
[19] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[20] *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).
[21] *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see, e.g., Jay Freeman Co. v. Glens Falls Ins. Co.*, 486 F. Supp. 140, 141 n.1 (N.D. Tex. 1980) (noting district court's dismissal of plaintiff's DTPA claims without prejudice for failure to comply with Rule 9(b)); *Waters v. State Farm Mut. Auto Ins. Co.*, 158 F.R.D. 107 (S.D. Tex. 1994) (dismissing plaintiffs' actions alleging fraud, violations of the DTPA and the TIC for

A dismissal for failure to plead with particularity is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.[22] However, when a party has failed to plead fraud with sufficient particularity, the Court will generally permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b).[23]

  B.  Analysis

Defendant seeks dismissal of some of Plaintiff's claims for "statutory misrepresentation" listed in Plaintiff's complaint under the headings "DTPA Violations" and "Unfair Insurance Practices."[24] It is somewhat unclear exactly *which* claims Defendant seeks to dismiss as Defendant mentions different claims at various points in its motion.[25] However, despite the lack of clarity, the Court will consider whether Defendant's motion should be granted in regards to all the claims Defendant mentioned. Thus, considering all claims mentioned throughout Defendant's motion, Defendant seeks to dismiss Plaintiff's statutory misrepresentation claims brought under DTPA §§ 1746(b)(5), (7), (9), (12), (14) and (23);[26] TIC § 541.060(a)(1); and TAC § 21.203(1).[27]

Under the heading "DTPA Violations," Defendant seeks to dismiss Plaintiff's claims set out below:

(a) ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a

---

failing to satisfy the requirements of Rule 9(b)); *Berry v. Indianapolis Life Ins. Co*., 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) pleading standard to DTPA and TIC claims).
[22] *Lovelace v. Software Spectrum, Inc*., 78 F.3d. 1015, 1017 (5th Cir. 1996).
[23] *Frith,* 9 F. Supp. 2d 734 at 743.
[24] *See* Dkt. No. 4.
[25] *See, e.g., id.* at p. 2, ¶ 8 (seeking dismissal of Plaintiff's claims (a) and (c) under the heading DTPA Violations and dismissal of the claims (8)(a)–(c) and (f) under the heading Unfair Insurance Practices), pp. 4–5 (seeking dismissal of Plaintiff's claim (a) under the heading DTPA Violations and dismissal of claims (8)(a–d) under the heading Unfair Insurance Practices).
[26] These claims are under the heading "DTPA Violations." *See* Dkt. No. 1-2 p. 5 § VII, ¶ (a), (c).
[27] Plaintiff's TIC and TAC claims are under the heading "Unfair Insurance Practices." *See* Dkt. No. 1-2 pp. 8–9 § VIII ¶ 8(a-e).

> misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code . . .[28]
>
> (c) ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code.[29]

Under the heading "Unfair Insurance Practices," Defendant seeks to dismiss the following claims:

> (a) ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:
>   i) the terms of the policy; and/or
>   ii) the benefits or advantages promised by the policy.
> (b) ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC section 21.203(1));
> (c) ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and
> (d) ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.
> (e) Refusing a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11).[30]

Defendant argues these claims were not pled with sufficient particularity to meet the heightened requirements under Rule 9(b).

---

[28] Dkt. No. 1-2 p. 5, § VII, ¶ (a).
[29] *Id.* ¶ (c).
[30] *Id.* at pp. 8–9, § VIII, ¶ 8(a–e).

The Court agrees with Defendant. Plaintiff's claims here are insufficiently pled. The only factual allegations in the complaint identify the policy and claim number, the date of alleged loss, and the relationship of the parties.[31] None of the claims Defendant seeks to dismiss are supported by any specific factual allegations. Plaintiff fails to plead the time, place, and specific contents of any false representations. Importantly, Plaintiff does not allege the actual contents of any particular statements made by Defendant or its agents, when such statement(s) were made, why such statement(s) were made, or how such statement(s) amounted to fraud. This proves fatal to the claims at bar in light of Rule 9(b)'s heightened pleading requirements As noted, the Fifth Circuit has held that "all averments of fraud" must be pled with such specific content in order to survive Rule 9(b)'s heightened pleading requirements.[32] Plaintiff's allegations, which all regard fraud and misrepresentation, plainly do not meet this heightened standard. Additionally, Plaintiff does not respond to the instant motion indicating he is not opposed to the dismissal of these claims which weighs in favor of their dismissal.

For the foregoing reasons, Defendant's motion for partial dismissal of Plaintiff's statutory misrepresentation claims, under DTPA §§ 1746(b)(5), (7), (9), (12), (14) and (23);[33] TIC § 541.060(a)(1); and TAC § 21.203(1) is warranted.

### III. MOTION TO ABATE

Defendant requests the Court abate the case until the completion of the appraisal.[34] Pursuant to Defendant's policy, Defendant apprises the Court that it invoked appraisal on May 3, 2019,[35] and specifically points to the contractual provision authorizing appraisal.[36]

---

[31] *See generally id.*
[32] *see Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).
[33] These claims are under the heading "DTPA Violations." *See* Dkt. No. 1-2 p. 5 § VII, ¶ (a), (c).
[34] Dkt. No. 7.
[35] *See* Dkt. No. 7-1
[36] *See* Dkt. No. 7-2 pp. 22–23 (Item 8, Item 13(d)).

Abatement is appropriate here. The appraisal process determines the value of damages, and courts decide liability.[37] Absent illegality or waiver, the Texas Supreme Court has generally held in favor of enforcing appraisal clauses "because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim."[38] Appraisal may resolve amount of loss disputes and breach of contract claims.[39] Additionally, "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive."[40]

Here, it is possible that appraisal could resolve Plaintiff's remaining claims, thus vitiating the need for any further proceedings. Plaintiff has not responded to this motion. Thus, even though the motion is styled as unopposed, Plaintiff is unopposed to this motion by operation of the Local Rules. Accordingly, in the interest of judicial economy, the Court **GRANTS** Defendant's motion to abate pending appraisal.

## IV.  HOLDING

Based on the foregoing, the Court **GRANTS** Defendant's motion for partial dismiss,[41] and thus **DISMISSES WITH PREJUDICE** Plaintiff's claims for statutory misrepresentation claims brought under DTPA §§ 1746(b)(5), (7), (9), (12), (14) and (23);[42] TIC § 541.060(a)(1);

---

[37] *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 369 (5th Cir. 2012) (citing *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011)).

[38] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 412 (citing *In re Allstate Cnty. Mut. Ins. Co.,* 85 S.W.3d 193, 196 (Tex. 2002)).

[39] *Id.* at 406–07 (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009)); *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 12 (citing *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 196) ("'[T]he parties . . . agreed in the contracts' appraisal clause to the method by which to determine whether a breach has occurred,' and, if the appraisal determined that the full value was what the insurer offered, there would be no breach of contract.").

[40] *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010); *see also Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998) (". . . there is no viable extra-contractual claim without a threshold breach of contract").

[41] Dkt. No. 4.

[42] These claims are under the heading "DTPA Violations." *See* Dkt. No. 1-2 p. 5 § VII, ¶ (a), (c).

and TAC § 21.203(1).[43] Plaintiff's breach of contract claims, claims based on other violations of the DTPA and TIC, and claims for breach of the duty of good faith and fair dealing remain.

The Court also **GRANTS** Defendant's motion for abatement pending appraisal.[44] The Court **ORDERS** the parties to file a status report with the Court by **November 1, 2019,** informing the Court of the progress of this case. In the alternative, **the parties may file a stipulation of dismissal which complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) prior to that date**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of August, 2019.

_____
Micaela Alvarez
United States District Judge

---

[43] These claims are under the heading "Unfair Insurance Practices." *See* Dkt. No. 1-2 pp. 8–9 § VIII ¶ 8(a–e).
[44] Dkt. No. 7.